IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GLOBETECTRUST LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 13-482 (RGA) |
| | ) |
| FRONTIER COMMUNICATIONS CORPORATION, | ) **DEMAND FOR JURY TRIAL** |
| | ) |
| | ) |
| Defendant. | ) |

**FRONTIER'S ANSWER TO GLOBETECTRUST LLC'S
COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Frontier Communications Corporation ("Frontier") hereby answers the Complaint for Patent Infringement filed on March 27, 2013 ("Complaint") by Plaintiff GlobeTecTrust LLC ("GlobeTecTrust") as follows:

**THE PARTIES**

1. Frontier is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 and therefore denies them.

2. Frontier admits the allegations of Paragraph 2.

**JURISDICTION AND VENUE**

3. Frontier admits that the Complaint purports to be an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. Frontier admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. Frontier admits that this Court has personal jurisdiction over Frontier and that it is a corporation organized and existing under the laws of the State of Delaware. Frontier denies the remaining allegations of Paragraph 4.

5. Frontier admits that venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c), and 1400(b). Frontier denies that this judicial district is the most convenient venue for the parties and reserves all rights to seek a transfer to a more convenient judicial district.

### COUNT I
### Alleged Infringement of the '548 Patent

6. Frontier incorporates by reference paragraphs 1 through 5 of this Answer to GlobeTecTrust's Complaint as if fully set forth herein.

7. Frontier admits that the United States Patent and Trademark Office issued U.S. Patent No. 6,272,548 ("the '548 patent") on August 7, 2001. Frontier further admits that attached to GlobeTecTrust's Complaint as Exhibit A is a copy of what purports to be the '548 patent. Frontier is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 7 and therefore denies them.

8. Frontier is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 and therefore denies them.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

**PRAYER FOR RELIEF**

Frontier denies that Plaintiff is entitled to the relief requested in Paragraphs (a)–(e) of Plaintiff's Prayer for Relief.

**GENERAL DENIAL**

Except as expressly admitted herein, Frontier denies each and every allegation contained in Plaintiff's Complaint.

**JURY DEMAND**

Frontier admits that Plaintiff demands a trial by jury of all matters to which it is entitled to trial by jury pursuant to Fed. R. Civ. P. 38. Frontier demands a trial by jury of all matters to which it is entitled to trial by jury pursuant to Fed. R. Civ. P. 38.

**DEFENSES**

Pursuant to Fed. R. Civ. P. 8(b) and (c), without assuming any burden that it would not otherwise bear, without reducing or removing Plaintiff's burdens of proof on its affirmative claims against Frontier, without waiving its right to assert additional defenses, and solely to the extent deemed necessary by the Court to maintain any or all of the following defenses, Frontier asserts the following defenses to Plaintiff's Complaint:

**First Defense**

1. Plaintiff has failed to state a claim upon which relief can be granted.

**Second Defense**

2. Frontier does not and has not infringed any valid and enforceable claim of the '548 patent, literally, under the doctrine of equivalents, directly, indirectly, contributorily, by way of inducement, and/or via any other mechanism of liability under the Patent Act.

**Third Defense**

3. Each of the claims of the '548 Patent is invalid and/or unenforceable for failure to comply with one or more of the conditions of patentability set forth in Part II of Title 35 of the United States Code, including, without limitation, for example, §§ 101, 102, 103, 112, and 251.

**Fourth Defense**

4. Plaintiff's claims for patent infringement are precluded in whole or in part (i) to the extent any allegedly infringing products are supplied, directly or indirectly to Frontier by an entity or entities having express or implied licenses to the '548 patent and/or (ii) under the doctrine of patent exhaustion.

**Fifth Defense**

5. By reason of the proceedings in the U.S. Patent and Trademark Office during the prosecution of the applications that resulted in the issuance of the '548 patent, Plaintiff is estopped from claiming literal infringement and infringement under the doctrine of equivalents against Frontier of one or more claims of the '548 patent.

**Sixth Defense**

6. Plaintiff is barred in whole or in part under principles of equity, including laches, prosecution laches, waiver, estoppel, and/or unclean hands. Plaintiff is also barred by issue preclusion from re-asserting or altering its positions on factual and legal issues that were previously adjudicated.

**Seventh Defense**

7. Any claim by Plaintiff for damages is limited under 35 U.S.C. §§ 286 or 287. Plaintiff is barred under 35 U.S.C. § 287 from recovering damages prior to the date of

4

the filing of the Complaint. Plaintiff is barred by 35 U.S.C. § 288 from recovering costs associated with its action.

### Eighth Defense

8. Frontier has engaged in all of its activities in good faith, and Plaintiff cannot prove that this is an exceptional case justifying award of attorney fees against Frontier pursuant to 35 U.S.C. § 285.

### Ninth Defense

9. Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate or irreparable and Plaintiff has an adequate remedy at law.

### Tenth Defense

10. Plaintiff is barred from asserting the '548 patent and from collecting damages thereunder, pursuant to the doctrine of laches and waiver.

### Eleventh Defense

11. Plaintiff has failed to provide adequate evidence of ownership of the '548 patent.

### Twelfth Defense

12. Plaintiff lacks standing to bring suit for alleged infringement of the '548 patent.

### Thirteenth Defense

13. The '548 patent is unenforceable as a result of patent misuse, unclean hands, misconduct, waiver, and/or other equitable doctrines.

### Fourteenth Defense

14. Plaintiff's claims are barred in whole or in part to the extent Frontier is licensed to the '548 patent.

### RESERVATION OF RIGHTS

Frontier reserves the right to add any additional defenses or counterclaims that discovery may reveal.

### PRAYER FOR RELIEF

Frontier respectfully requests that Plaintiff's complaint be dismissed with prejudice, that this case be found exceptional under 35 U.S.C. § 285, and that Frontier be awarded its reasonable attorneys' fees, costs, and such further relief as the Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*

Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
rsmith@mnat.com

*Attorneys for Defendant*

OF COUNSEL:

Michael J. Newton
Michael S. Lee
ALSTON & BIRD LLP
2828 North Harwood Street
Suite 1800
Dallas, TX  75201-2139
(214) 922-3400

May 2, 2013
7178902.1

6

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 2, 2013, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on May 2, 2013, upon the following in the manner indicated:

| | |
|---|---|
| Kenneth L. Dorsney, Esquire<br>MORRIS JAMES LLP<br>500 Delaware Avenue, Suite 1500<br>Wilmington, DE  19801<br>*Attorneys for GlobeTecTrust LLC* | *VIA ELECTRONIC MAIL* |
| Marc A. Fenster, Esquire<br>Alexander C.D. Giza, Esquire<br>Stanley H. Thompson, Esquire<br>Paul A. Kroeger, Esquire<br>RUSS, AUGUST & KABAT<br>12424 Wilshire Boulevard, 12th Floor<br>Los Angeles, CA  90025-1031<br>*Attorneys for GlobeTecTrust LLC* | *VIA ELECTRONIC MAIL* |

*/s/ Rodger D. Smith II*

Rodger D. Smith II (#3778)